## AYLSWORTH v. GALLAGHER.

*(Supreme Court, General Term, First Department.   March 29, 1889.)*

ACCOUNT STATED—PLEADING AND PROOF.

The defendant bought goods of the plaintiff, and afterwards returned a portion of them, on the ground that they were defective. After some correspondence a proposition made by him, that if plaintiff would give him credit for the goods re-

turned he would pay the balance of the bill, was accepted. *Held*, that an account became stated between the parties, and that, although plaintiff brought an action on the original bill to recover such balance, he was not precluded from a recovery, no objection having been made to evidence of the account stated.

Appeal from circuit court.

Action by Hiram B. Aylsworth against James Gallagher. Judgment was given for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*W. C. Reddy* and *H. C. Henderson*, for appellant. *D. M. Porter*, for respondent.

VAN BRUNT, P. J. The plaintiff is a wholesale dealer in boots and shoes, doing business under the name of Condon & Aylsworth, at Providence, R. I., and special agent for the sale of the rubber goods of the National Rubber Company. The defendant is a retail dealer in the same goods in Westchester, in this state. In June, 1886, the plaintiff sent by mail to the defendant a circular letter, in which the character and quality of the goods proposed to be sold are designated, and from which it appeared that the National Rubber Company offered to make cases of sample goods, and that the plaintiff was then prepared to send out such samples. The defendant received a box of these samples, and thereupon sent an order for certain of the goods by mail to the plaintiff, at Providence. Upon the receipt of this order the plaintiff selected his goods from the stock on hand, and shipped them to the defendant, at Westchester. By the terms of the plaintiff's letter the goods were to be paid for by two installments, viz., November 15 and December 15, 1886. The goods were received about September, and, no defects being then discovered, defendant made a first payment of $125 on November 15th. Before the second payment became due it is claimed upon the part of the defendant that certain defects appeared in some of the goods sold, and that they were returned to the defendant by the purchasers, and other goods given in their place in some instances, and in others he attempted to mend them. On December 17th he notified the plaintiff of the defects. The plaintiff requested the defendant to send by mail a sample that had proved defective, which was done. Further correspondence took place, and defendant send back a portion of the goods, and on January 21, 1887, notified the plaintiff that all the goods which he had on hand awaited his order for shipment. On the 11th of April, 1887, the defendant wrote to the plaintiff's counsel stating that if the plaintiff gave him credit for the 74 pairs of rubbers returned he would pay the balance of the bill. In August, 1887, the plaintiff rendered the defendant an account, giving him credit for the 74 pairs of rubbers; stating that he had decided rather than spend any money in law to settle the account as above. This sum not being paid, this action was brought to recover the balance unpaid upon the original bill. The court upon this evidence directed judgment in favor of the plaintiff for the balance of the account, after giving credit for the 74 pairs of rubbers. A considerable amount of discussion has arisen in this case as to whether there was a warranty as to the quality of the goods or a breach of the warranty, and as to whether the defendant had a right to recover damages for the breach thereof. But it does not seem at all necessary to discuss these questions, as the case seems to have been disposed of upon an entirely different principle. It is apparent that the learned judge was of the opinion that by the offer of compromise made in April by the defendant, and its acceptance in August by the plaintiff, an account became stated as between the parties, and that the plaintiff was entitled to recover the amount of such account stated, and no more. In this he seems to have been correct. It is true the action was brought upon a different principle, but no objection was raised to the introduction of the evidence showing this account stated at the trial, nor was any question made at the time of the disposition of the case that under

the pleadings no such cause of action was set forth. Under these circumstances it is the duty of the court at general term to amend the pleadings to conform to the proof, for the purpose of supporting the judgment. The judgment appealed from should be affirmed, but, under the circumstances, without costs. All concur.